NANCY A. TELLER *et al.* v. THE EQUITABLE MUTUAL LIFE ASSOCIATION OF WATERLOO, IOWA, Appellant.

**Venue:** INSURANCE COMPANIES. Under Code 1873, section 2584, providing that insurance companies may be sued in any county in which their principal place of business is kept or in which the contract of insurance is made, a company is not entitled to have a cause commenced in the county in which the contract was made, transferred to the county in which the principal place of business is kept. If the statute could be construed to say that the place of making the contract governs only where the contract is made in the county wherein is defendant's principal office, it could happen that suit might not be properly brought in the county where the principal office is located.

**Jurisdiction:** SPECIAL APPEARANCE. Under Code 1873, section 2626 providing that a special appearance to object to the service of notice shall render further notice unnecessary, such appearance gives jurisdiction, regardless of the notice or service.

**Appeal:** REVIEW. Where the evidence is stricken and an equity cause presented on assignment of errors, refusal to suppress a deposition, nor refusal to grant a new trial for newly discovered evidence can be reviewed, the court not being able to assume that the new evidence was not cumulative, and where, to a defense that proof of death was not furnished in time, extension and waiver are pleaded, error in permitting recovery against the provisions of the policy cannot be reviewed as a matter of law, the evidence being stricken out.

*Appeal from Keokuk Superior Court.*—HON. R. H. BELL, Judge.

THURSDAY, APRIL 6, 1899.

RALPH R. TELLER became a member of the defendant association in July, 1883, and his certificate entitled him to insurance in the sum of two thousand five hundred dollars; the certificate, by its terms, expiring on the twelfth day of July, 1893. This action is brought, alleging that Ralph R. Teller died in January or February, 1893, and that the fact

of such death was not known till May, 1894; and a recovery is sought under the terms of the certificate. The answer makes admissions and denials, and sets out that the certificate of membership provides for proofs of death to be made within one year after death occurred, and denies the fact of the death of Teller, or that proofs of loss or death were made as required. Some other facts will appear in the opinion. The district court gave judgment for the plaintiff, and the defendant appealed.—*Affirmed.*

*A. J. McCrary* and *John E. Craig* for appellant.

*James C. Davis* and *A. Hollingsworth* for appellee.

Granger, J.—I. This is an equity cause, but the evidence was stricken from the record on motion, so that the matters for our consideration arise on assignments of error. The principal place of business of the defendant corporation is at Waterloo, in Blackhawk county, in this state. The action was brought in Lee county, and service was made on one J. K. Mason, as agent for the defendant. There was a motion by appellant to dismiss the action for want of jurisdiction, because of no service on defendant; it being claimed that Mason was not an agent on whom service could be made. Affidavits were used on the hearing of the motion, and the motion was denied. The ruling is assigned as error. The appearance, though special, makes it unnecessary to consider the motion on its merits. Section 2626 of the Code of 1873, which was in force when the service was made, provides what the mode of appearance may be; and, among others, there is a provision for a special appearance for any purpose connected with the service or insufficiency of the notice. In connection with that provision is this language: "And an appearance, special or other, to object to the substance or service of the notice, shall render any further notice unnecessary; but may entitle the defendant to a continuance, if it shall appear to the court, that he has not had the full and

timely notice required of the substantial cause of action stated in the petition." We can add nothing to the conclusiveness of the statutory language. The appearance gave jurisdiction, regardless of the notice or service.

II. In the same motion it is asked, in case the motion to dismiss should be overruled, that the cause be transferred to Blackhawk county for trial on the ground that it was brought in the wrong county. This motion was overruled, and error assigned. The court did not err.

The law then in force provided that "insurance companies may be sued in any county in which was made the contract of insurance." Code 1873, section 2584. The contract of insurance in this case was made in Lee county. The insurance was solicited, the terms agreed upon, and the policy delivered in that county. If it should be said that the meaning of section 2584 is not that such a suit may be brought in any county where the contract is made, and that the words, "in which was made the contract of insurance," have reference only to when such suit may be brought in the county in which is kept the principal place of business, then it is to be said that an insurance company could not be sued in the county where its principal place of business is, unless the contract was made there; and in this case the suit could not have been brought in Blackhawk county, for, as we find, the contract of insurance was not made there, but was made in Lee county. The section, entire, reads as follows: "Insurance companies may be sued in any county in which is kept their principal place of business, in which was made the contract of insurance, or in which the loss insured against occurred." When the section is read in connection with section 2586, which is the general one fixing the place for bringing suits where not otherwise provided, there is hardly room to doubt our conclusion. There was no error in the ruling.

III. There is complaint of the action of the court in refusing to suppress certain depositions. It is only necessary

to say that the depositions are not before us, for the reason that a motion to "strike from the record all the evidence in the case" was sustained. A consideration of the grounds presented by the motion to suppress would require an examination of the depositions.

IV. It is urged that it was error to permit a recovery against the provisions of the certificate that proof of death should be made within one year from the occurrence of death. The assured lived in Lee county, and left his home there and went to Florida in 1892; and later a body was found in a lake or pond which is claimed to be his, and the district court has so found. This body was found in 1894, and long after the year had expired for giving the notice under the terms of the certificate. To meet defendant's defense on this branch of the case, plaintiff, in reply, sets out some correspondence, and pleads an extension of time to make proof by agreement, and also a waiver. Under such a state of the record, we cannot determine the question as one of law. What the evidence disclosed we cannot and do not know.

There is further claim of error for refusing a new trial because of newly discovered evidence. Nor can we consider this question. A new trial is not allowed for newly discovered evidence that is cumulative. We cannot assume that it is not. Errors must affirmatively appear, to warrant a reversal. We cannot know that the court did not refuse the new trial because the new evidence was cumulative.—AFFIRMED.